## Case No. 3,615.

### In re DAVIS.

[3 Ben. 482;[1] 3 N. B. R. 339 (Quarto, 89).]

District Court, S. D. New York. Nov. Term, 1869.

INVOLUNTARY BANKRUPTCY — ARREST ON MESNE PROCESS—CONSTRUCTION OF STATUTE —FRAUDULENT SUSPENSION OF PAYMENT OF COMMERCIAL PAPER.

1. A statute must be so construed, if possible, without doing violence to language, as to give force and meaning and effect to every part of it.

2. A debtor was arrested on August 24th, 1869, under an order of arrest issued out of the superior court of the city of New York, in an action founded on a promissory note for more than $100. He immediately gave bail and was not lodged in jail. The order of arrest remained in force at the time of the filing of a petition in involuntary bankruptcy against him, on September 20th, 1869: Held, that, as the debtor was not actually imprisoned for more than seven days on the order of arrest, he was not liable to be adjudged a bankrupt, under the 39th section of the bankruptcy act [of 1867 (14 Stat. 536)], by reason of what occurred under the order of arrest.

3. Proof, that a merchant has suspended payment of commercial paper and has not resumed payment of it within a period of fourteen days, is not sufficient to authorize an adjudication of bankruptcy against him under the 39th section of the bankruptcy act. The creditor must show that the stoppage or suspension was fraudulent.

[Cited in Baldwin v. Wilder, Case No. 806; Re Hercules Mut. Life Assur. Soc., Id. 6,-402.]

This was a hearing on a petition for involuntary bankruptcy before the court without a jury. The first act of bankruptcy alleged in the petition, which was sworn to on the 17th of September, 1869, and filed on the 20th of September, 1869, was, that the debtor [John Davis] "has been arrested and held in custody under and by virtue of mesne pro-

cess issued out of the superior court of the city of New York in the state of New York, within which the debtor has property, founded upon a demand in its nature provable against the bankrupt's estate, under said act, and for a sum exceeding one hundred dollars, and that such process is remaining in force and not discharged by payment, or in any other manner provided by the laws of such state applicable thereto, for the period of seven days." The proof showed, that the debtor was, on the 24th of August, 1869, at the city of New York, in which city he then resided, arrested and held in custody by the sheriff of the city and county of New York, under an order of arrest issued out of the superior court of the city of New York; that the debtor, on his arrest, immediately gave bail, and was not lodged in jail, and was discharged from close custody by the sheriff; that the order of arrest was issued in a civil action, founded on a promissory note for a sum exceeding one hundred dollars, made by the debtor, and which was a demand in its nature provable against the bankrupt's estate under the bankruptcy act; and that the said order of arrest, at the time of making oath to said petition, still remained in force and had not been discharged by payment, or in any other manner provided by the law of the state of New York applicable thereto. The second act of bankruptcy alleged was, that the debtor, "on the 24th day of August, 1869, being a merchant or trader, has fraudulently stopped and suspended payment of his commercial paper and has not resumed within a period of fourteen days, to wit, a certain promissory note," specifying its particulars.

Hawes & Wardell, for creditor.

Morrison, Lauterbach & Spingarn, for debtor.

BLATCHFORD, District Judge. The 39th section of the bankruptcy act specifies, as an act of bankruptcy, that the debtor "has been arrested and held in custody under or by virtue of mesne process or execution, issued out of any court of any state, district or territory within which such debtor resides or has property, founded upon a demand in its nature provable against a bankrupt's estate under this act, and for a sum exceeding one hundred dollars, and such process is remaining in force and not discharged by payment, or in any other manner provided by the law of such state, district or territory applicable thereto, for a period of seven days." The same section, in the clause immediately following the one just cited, specifies, as an act of bankruptcy, that the debtor "has been actually imprisoned for more than seven days, in a civil action, founded on contract, for the sum of one hundred dollars or upward." The order of arrest in this case was issued in a civil action, founded on contract, for a sum exceeding one hundred dollars. It was mesne process issued out of a court of the state in

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

which the debtor resided, and was founded on a demand in its nature provable against a bankrupt's estate under the act, and such process remained in force and was not, when the petition was filed, discharged by payment or in any other manner provided by the law of such state applicable thereto. The debtor was arrested under the process, and immediately gave bail, and was not lodged in jail, and was discharged from close custody. Assuming that he was held in custody for a period of seven days under the process, he was not actually imprisoned on it for more than seven days. This case, therefore, does not fall within the second clause cited, although it may fall within the first clause. The question to be determined is, whether, under those circumstances, he can be adjudged a bankrupt. I think not. The statute evidently intended to draw a distinction between being actually imprisoned for more than seven days, and being held in custody for a period of seven days. It confined the former to a civil action founded on contract, while it extended the latter to an action founded on any demand in its nature provable against a bankrupt's estate. Not only are claims founded on contract provable in bankruptcy, but, by section 19, all demands against the bankrupt for or on account of any goods or chattels wrongfully taken, converted or withheld by him, are provable, as debts, to the amount of the value of the property so taken or withheld, with interest. Such demands are not claims founded on contract. There are, therefore, claims or demands which would fall within the first clause and not within the second clause. The first clause has, therefore, a field for operation over which the second clause does not extend. This being so, and there being a distinction evidently intended by the statute between actual imprisonment, and mere arresting and holding in custody, a person actually imprisoned being held in custody, although a person held in custody is not necessarily actually imprisoned, full effect must be given to the second clause. This cannot be done if it be held that a person arrested in a civil action founded on contract may be adjudged a bankrupt although he has not been actually imprisoned for more than seven days. If it be so held, on the ground that a claim founded on contract is a demand in its nature provable against a bankrupt's estate under the act, and that it is sufficient, under the first clause, that the debtor be arrested and held in custody under mesne process founded on such demand, for a period of seven days, then no cases exist which would not fall within the first clause, and the second clause would become inoperative and might as well have been left out of the statute. A statute must be so construed, if possible, without doing violence to language, as to give force and meaning and

effect to every part of it. In this case there is no affirmative repugnancy between the two clauses. The only question is, whether it shall be held to be the intention of the legislature that cases falling within the second clause shall be governed wholly by the second clause, although, if the second clause had been omitted from the section, they would fall under the first clause. I think that that is the sound construction to be given. Even if the two clauses were repugnant to each other, in a broader sense than they are, the second clause would control, as being the later expression of the will of the law makers. Powers v. Barney [Case No. 11,-361].

I must, therefore, hold that, inasmuch as the debtor was not actually imprisoned for more than seven days on the order of arrest issued against him, he is not liable to be adjudged a bankrupt by reason of any thing alleged in the petition to have occurred under and by virtue of such mesne process.

The 39th section of the act makes it an act of bankruptcy, that the debtor "being a banker, merchant or trader, has fraudulently stopped or suspended and not resumed payment of his commercial paper, within a period of fourteen days." The evidence shows that the debtor was a merchant or trader doing business in the city of New York; that the promissory note mentioned in the petition was commercial paper, by having been made and delivered by the debtor in the regular course of his business, for goods sold and delivered to him; and that the note had, at the time the petition was filed, remained unpaid for a period exceeding fourteen days. This is not sufficient. Something must be shown from which the court can draw the conclusion that the stoppage or suspension of payment of the note was fraudulent. The mere non-payment of the note does not warrant such conclusion. It was not intended by the act that the mere stoppage or suspension, followed by nonresumption for fourteen days, should throw on the debtor the burden of showing that there was no fraud in the stoppage or suspension. It is for the creditor to show that the stoppage or suspension was fraudulent. That is not shown by showing nothing but stoppage or suspension, continued for fourteen days. There may be many reasons for stoppage falling short of fraud. If the legislature had intended that mere stoppage or suspension without resumption within fourteen days should be an act of bankruptcy, it would have said so plainly. It has unmistakably said that that shall not be an act of bankruptcy, unless the stoppage or suspension is fraudulent. The creditor must, therefore, show the fraud which he has alleged in his petition. As he has failed to do so, from misapprehension, an opportunity will be afforded to him to supply the defect, if he can, by further proof.